UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM J. BOWEN, aka WILLIAM JOSEPH BOWEN,<br><br>          Petitioner,<br><br>vs.<br><br>P.L. VAZQUEZ,<br><br>          Respondent. | Case No. EDCV 09-0472-FMC(RC)<br><br>OPINION AND ORDER ON A PETITION FOR HABEAS CORPUS |

On February 27, 2009, petitioner William J. Bowen, aka William Joseph Bowen, a person in state custody proceeding pro se, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Eastern District of California, which transferred the action to this district court on March 5, 2009. The petition shows on its face that petitioner pleaded guilty to driving under the influence in 1999, and did not appeal that judgment. Petition at 2. Moreover, petitioner did not seek review from the California Supreme Court. Petition at 2-3. However, he currently has his first habeas corpus petition pending in the California Supreme Court. See Petition at 3-10.

//

## DISCUSSION

A state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court. 28 U.S.C. §§ 2254(b) and (c); O'Sullivan v. Boerckel, 526 U.S. 838, 842-43, 119 S. Ct. 1728, 1731, 144 L. Ed. 2d 1 (1999); Rose v. Lundy, 455 U.S. 509, 515-16, 102 S. Ct. 1198, 1201-02, 71 L. Ed. 2d 379 (1982); Calderon v. United States Dist. Court (Taylor), 134 F.3d 981, 984-85 (9th Cir.), cert. denied, 119 S. Ct. 274 (1998). "The exhaustion-of-state-remedies doctrine, now codified [at] 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 512, 30 L. Ed. 2d 438 (1971) (internal quotation marks, citations and footnote omitted); O'Sullivan, 528 U.S. at 844-45, 119 S. Ct. at 1732; Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996). "The exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." Rose, 455 U.S. at 518, 102 S. Ct. at 1203.

Here, petitioner in is the process of petitioning the California Supreme Court for collateral relief, and that process has not been completed. Since petitioner's claims have not yet been exhausted in the state courts, the pending habeas petition must be dismissed without prejudice. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546, 2554-55, 115 L. Ed. 2d 640 (1991); Lundy, 455 U.S. at 522, 102 S. Ct. at 1205.

//

Rule 4 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify petitioner." The instant petition shows that petitioner has not exhausted his state court remedies regarding the claims in the pending petition; thus, the petition must be dismissed without prejudice.

**ORDER**

IT IS ORDERED that Judgment be entered DISMISSING without prejudice the Petition for Writ of Habeas Corpus.

IT IS FURTHER ORDERED that the Clerk of Court shall notify petitioner of the dismissal without prejudice.

DATE: March 13, 2009

FLORENCE-MARIE COOPER
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

DATE: March 11, 2009

ROSALYN M. CHAPMAN
UNITED STATES MAGISTRATE JUDGE

R&Rs-MDOs\09-0472.mdo
3/11/09